Melissa ANDERSON and Kenneth ANDERSON, Plaintiffs-Appellants,

v.

Thomas AUL, Defendant-Respondent,

AUL REAL ESTATE INVESTMENT COMPANY, LLC, Cornerstone Investments of Delafield, LLC, Riverside Investments, LLC, XYZ Insurance Company and ABC Insurance Company, Defendants,

WISCONSIN LAWYERS MUTUAL INSURANCE COMPANY, Intervenor-Respondent.†

Court of Appeals

*No. 2013AP500. Submitted on briefs November 21, 2013.
—Decided February 19, 2014.*

2014 WI App 30

(Also reported in 844 N.W.2d 636.)

† Petition for Review granted August 5, 2014.

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Holly L. Strop* of *Strop Law Offices, LLC*, Madison.

On behalf of the intervenor-respondent, the cause was submitted on the brief of *Claude J. Covelli* of *Boardman & Clark LLP*, Madison.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J. This is an appeal from a summary judgment granted in favor of an insurer on the basis that the insured did not give the insurer timely notice of a claim. The issue is whether the insurer was prejudiced by the untimely notice. The circuit court erred because it did not address prejudice. We conclude that the undisputed facts establish that the insurer was not prejudiced by the insured's late notice as a matter of law. We reverse and remand.

## FACTS

¶ 2. The following facts are undisputed. Thomas Aul, an attorney, and his wife were the member owners of Aul Real Estate Investment Company, LLC. Melissa and Kenneth Anderson bought real property from Aul Real Estate. Aul prepared the land contract for the sale. At the closing, the Andersons signed a "Waiver of Conflict of Interest," agreeing that Aul had advised them to retain independent counsel regarding the purchase of the property and that the Andersons, "each of them, knowingly and voluntarily waives the right and privilege of independent legal counsel and have determined to be represented by the Law Offices of Attorney Thomas E. Aul." The Andersons became dissatisfied with Aul's representation of their interests and retained independent counsel. The Andersons' counsel wrote Aul a letter on December 23, 2009, setting forth the reasons for the Andersons' dissatisfaction with Aul's legal representation of their interests and demanding that Aul pay the Andersons $117,125. Aul retained legal counsel to respond to the Andersons' claim.

¶ 3. Wisconsin Lawyers Mutual Insurance Company (WILMIC), Aul's professional liability insurer, first received notice of the December 23, 2009 letter and the Andersons' claim on March 9, 2011, eleven months after the end of the April 1, 2009 to April 1, 2010 policy period. The Andersons filed suit against Aul on March 2, 2012, alleging breach of fiduciary duty, legal malpractice/negligence, breach of contract, and misrepresentation. The Andersons also requested punitive damages. WILMIC acknowledged receipt of the summons and complaint in a March 22, 2012 letter, advising that it would defend Aul under a reservation of rights. WILMIC intervened and moved for summary judgment, arguing that the Andersons' claim was not covered

under Aul's policy because the claim was not timely reported. WILMIC also moved on the grounds that Aul made a material false misrepresentation on his application for renewed coverage, the claimed conduct is not negligence, Aul's conduct was intentional, there was no coverage for Aul's business, recovery of fees paid to Aul is excluded and punitive damages are excluded.

¶ 4. The circuit court ruled in favor of WILMIC, finding that the December 23, 2009 letter constituted a claim and that Aul did not timely notify WILMIC of that claim under the policy applicable to claims made between April 1, 2009, and April 1, 2010.[1] The circuit court concluded that it need not address prejudice because notice was not reasonably prompt. Specifically, the circuit court focused on Aul's renewal of his WILMIC policy in 2010, at which time WILMIC's application asked Aul if there were any pending claims against him. On a form dated March 15, 2010, Aul indicated that he was not aware of any "professional liability claim or any claim incident, act or omission or wrongful act that a reasonably prudent lawyer might expect to be the basis of a claim." Based on Aul's failure to notify WILMIC of the claim at the time of renewal of his policy, the circuit court was "satisfied WILMIC is entitled to the granting of their motion for summary judgment." The circuit court did not address whether WILMIC was prejudiced by Aul's untimely notice, indicating that "there's nothing in this record that indicates specifically that WILMIC has been prejudiced by this, but that's not the standard."

---

[1] It is undisputed that the WILMIC 2010–11 policy does not apply to the Andersons' claim.

## DISCUSSION

### *Standard of Review*

¶ 5. Our review of a summary judgment is de novo, applying the same standard as the circuit court. *Green Springs Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment must be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wis. Stat. 802.08(2) (2011–12).[2] Additionally, the interpretation of an insurance contract is a question of law we review de novo, *Cardinal v. Leader Nat'l Ins. Co.*, 166 Wis. 2d 375, 382, 480 N.W.2d 1 (1992), as is the interpretation of a statute, *Grosse v. Protective Life Ins. Co.*, 182 Wis. 2d 97, 105, 513 N.W.2d 592 (1994).

### *Notice Requirements*

¶ 6. An insured is required to give timely notice of a claim to his or her insurer. *Phoenix Contractors, Inc. v. Affiliated Capital Corp.*, 2004 WI App 103, ¶ 10, 273 Wis. 2d 736, 681 N.W.2d 310. Aul's 2009–10 policy with WILMIC is a "claims made and reported" policy with the following limitation on the Declarations Page: "This policy is limited to liability for only those claims that are first made against the insured and reported to the Company during the policy period." The front cover of

---

[2] All references to the Wisconsin Statutes are to the 2011–12 version.

244

the policy form likewise states, "THIS IS A CLAIMS MADE AND REPORTED INSURANCE POLICY. COVERAGE IS LIMITED TO LIABILITY FOR ONLY THOSE **CLAIMS** THAT ARE FIRST MADE AGAINST **YOU** AND REPORTED IN WRITING TO **US** DURING THE **POLICY PERIOD**." The Coverage Agreements reiterate that coverage only extends to "**claims** first made against **you** and first reported to **us** in writing during the **policy period**." This section goes on to state, "**Your** failure to send a written report of a **claim** or **claim incident** to **us** within the **policy period** shall be conclusively deemed prejudicial to **us**."

¶ 7. The WILMIC policy terms, however, are not the only provisions concerning how the timeliness of notice of a claim affects coverage. WISCONSIN STAT. § 631.81, applicable to insurance contracts generally, and WIS. STAT. § 632.26, which sets forth required notice provisions in "every liability insurance policy," govern failure to give timely notice. *Phoenix*, 273 Wis. 2d 736, ¶ 10. Together, these provisions have been construed and consistently applied.

> Pursuant to WIS. STAT. § 631.81, an insurer whose insured provides notice within one year of the time required by the policy must show that it was prejudiced and that it was reasonably possible to meet the time limit. However, when notice is given more than one year after the time required by the policy, there is a rebuttable presumption of prejudice and the burden of proof shifts to the claimant to prove that the insurer was not prejudiced by the untimely notice.

*Ansul, Inc. v. Employers Ins. Co. of Wausau*, 2012 WI App 135, ¶ 24, 345 Wis. 2d 373, 826 N.W. 2d 110 (citing *Gerrard Realty Corp. v. Am erican States Ins. Co.*, 89

![black bar]
![black bar]

Wis. 2d 130, 146, 277 N.W.2d 863 (1979)).[3] WISCONSIN STAT. § 632.26(2) provides: "Failure to give notice as required by the policy as modified by sub. (1)(b) does not bar liability under the policy if the insurer was not prejudiced by the failure, but the risk of nonpersuasion is upon the person claiming there was no prejudice."[4] Thus, under § 631.81, there is a presumption of no prejudice if notice was given within a year of the policy's requirement, while under § 632.26(2), if notice was not given as required under the policy, the burden shifts to the insured to show that there was no prejudice to the insurer. *See Phoenix*, 273 Wis. 2d 736, ¶¶ 10–11. A breach of the insurance contract arising from late notice, or notice not given as soon as reasonably possible, must be material and prejudicial to the insurer vis-à-vis the particular claim for coverage—precisely what the applicable statutes achieve by requiring a showing on prejudice.

---

[3] WISCONSIN STAT. § 631.81, entitled "Notice and proof of loss," provides:

> Provided notice or proof of loss is furnished as soon as reasonably possible and within one year after the time it was required by the policy, failure to furnish such notice or proof within the time required by the policy does not invalidate or reduce a claim unless the insurer is prejudiced thereby and it was reasonably possible to meet the time limit.

[4] WISCONSIN STAT. § 632.26(1)(b) requires every liability insurance policy to state that failure to give notice during the time required by the policy does not invalidate a claim as long as the insured shows it was not reasonably possible to give notice within the prescribed time and that notice was given as soon as reasonably possible. Under § 632.26(2), the failure to provide notice as required by the policy as modified by para. (1)(b) (i.e., as soon as reasonably possible) does not invalidate the claim absent a showing of prejudice.

¶ 8. Whether proceeding under WIS. STAT. § 631.81 or § 632.26(2), the circuit court must decide whether the insurer was prejudiced. *Phoenix*, 273 Wis. 2d 736, ¶ 11. Generally, whether an insurer has been prejudiced by untimely notice of a claim is a question of fact. *Id.*, ¶ 13. However, when the material facts are not in dispute, a court may decide prejudice as a matter of law. *Fireman's Fund Ins. Co. of Wis. v. Bradley Corp.*, 2003 WI 33, ¶ 59, 261 Wis. 2d 4, 660 N.W.2d 666.

*Application of Law to Coverage in the Anderson Case*

¶ 9. Regarding the reasonableness and timeliness of Aul's delay in notifying WILMIC of the Andersons' claim, the Andersons concede that Aul's notice to WILMIC was untimely and that they bear the burden of persuasion. It is undisputed that the December 23, 2009 letter put Aul on notice of a claim, and the policy required that letter to be reported to WILMIC within the policy period, which was April 1, 2009 to April 1, 2010. WILMIC did not receive notice until March 9, 2011. Nevertheless, the Andersons contend, the circuit court erred when it failed to determine that WILMIC was not prejudiced by the untimely notice despite acknowledging that the record failed to show any prejudice.

¶ 10. WILMIC responds that WIS. STAT. §§ 631.81 and 632.26 do not require a showing of prejudice unless notice was given to the insurer "as soon as reasonably possible." WILMIC relies on *Gerrard Realty*, 89 Wis. 2d at 130, and *Neff v. Pierzina*, 2001 WI 95, 245 Wis. 2d 285, 629 N.W.2d 177, for the proposition that the "reasonably possible" finding is solely dispositive of the

247

viability of recovery after untimely notice of a claim. WILMIC further argues that it was prejudiced because Aul's policy was a claims-made policy, and WILMIC will be prejudiced if it has to cover a claim for which it did not contemplate providing coverage.

¶ 11. Both the applicable statutes, as discussed above, and our case law make it clear that the circuit court must determine whether untimely notice prejudiced an insurer; the finding of untimeliness is not solely dispositive. For example, in *Fireman's Fund*, the insured Bradley waited nearly fifteen months to provide the insurer with notice of a suit. *Fireman's Fund*, 261 Wis. 2d 4, ¶ 58. The supreme court noted that "Bradley does not dispute that its notice was neither prompt nor timely." *Id.* Rather, Bradley argued that "an insurer is liable even when notice is untimely if the insurer is not prejudiced by the failure to provide prompt notice." *Id.* In *Fireman's Fund*, the insurer suffered no prejudice, despite the untimely notice, because testimony showed it would have denied coverage even with prompt notice. *Id.*, ¶¶ 62–63. *See also Neff*, 245 Wis. 2d 285, ¶ 42 ("When a determination has been made that the insured's notice to the insurer was untimely, the court must decide whether the insurer was prejudiced by the insured's breach of duty."); *Phoenix*, 273 Wis. 2d 736, ¶ 11 (citing *Neff* for the proposition that the circuit court must determine whether the untimely notice prejudiced the insurer); *International Flavors & Fragrances, Inc. v. Valley Forge Ins. Co.*, 2007 WI App 187, ¶ 8, 304 Wis. 2d 732, 738 N.W.2d 159 ("By statute . . . the failure to provide timely notice as required by the policy does not defeat coverage unless the insurer is prejudiced thereby . . . .").

¶ 12. WILMIC's reliance on *Gerrard Realty* and *Neff* for the proposition that the "as soon as reasonably possible" language in the statutes is solely dispositive in the notice-prejudice analysis is belied by those very cases. In *Gerrard Realty*, the court concluded that the twenty-two month delay in giving notice constituted, as a matter of law, noncompliance with the policy's notice provisions. *Gerrard Realty*, 89 Wis. 2d at 143–44. The court went on to address prejudice, concluding that the insured had failed to overcome the presumption of prejudice. *Id.* at 147. In *Neff*, the circuit court found that the insured's failure to give the insurer timely notice of an accident prejudiced the insurer. *Neff*, 245 Wis. 2d 285, ¶ 27. Neither case analyzed reasonableness as solely dispositive in the notice-prejudice analysis.

¶ 13. Turning to prejudice in this case, the circuit court failed to address what is generally a question of fact. *Id.*, ¶ 48. When the material facts are not in dispute, however, we may determine prejudice, or lack thereof, as a matter of law. *Fireman's Fund*, 261 Wis. 2d 4, ¶ 59. Prejudice is "a serious impairment of the insurer's ability to investigate, evaluate, or settle a claim, determine coverage, or present an effective defense, resulting from the unexcused failure of the insured to provide timely notice." *Phoenix*, 273 Wis. 2d 736, ¶ 21.

¶ 14. WILMIC's only argument on prejudice is that requiring coverage would make it pay a claim for which it did not bargain. WILMIC makes no argument that its ability to investigate, evaluate and defend this claim was impaired by Aul's late notice. Furthermore, WILMIC did not dispute below, and does not contest on appeal, Aul's assertion that "formal discovery had not

249

yet started, no depositions were taken, and no deadlines were approaching denying WILMIC adequate time to investigate and defend the claim." Instead, WILMIC makes much of the fact that the policy at issue is a claims-made policy.

¶ 15. WISCONSIN STAT. §§ 631.81 and 632.26(2) do not distinguish claims-made policies; the former applies to insurance contracts generally, and the latter explicitly applies to "every liability insurance policy." The Legislative Council Note to § 632.26(2) states that the statute is "applicable to all liability insurance." *See also Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1089, 1091, 1095 (7th Cir. 1999) (Wisconsin "notice-prejudice" statutes, WIS. STAT. §§ 631.81 and 632.26(2), apply to "claims-made" policies).

¶ 16. We conclude that the undisputed facts establish that WILMIC was not prejudiced by Aul's untimely notice of the Andersons' claim. WILMIC learned of the claim almost a year before the lawsuit was filed and learned of the lawsuit within weeks of its filing. Aul hired counsel to represent him prior to notice to WILMIC, and, upon notice, WILMIC hired counsel to represent Aul and promptly intervened to protect its own interests. WILMIC did not submit any evidence to rebut the prima facie showing that there was no prejudice. There are no facts to show that the late notice compromised Aul's position vis-à-vis the Andersons' claim as he was represented by counsel from the outset, nor are there any facts to show that WILMIC was hindered in its ability to investigate, evaluate, settle the claim, or otherwise present an effective defense on the merits. WILMIC's assertion that it is prejudiced by the mere potential of coverage is not persuasive. Indeed,

250

there are no facts to show that WILMIC is not in the same position it would have been in with respect to the Andersons' underlying claim or Aul's claim for coverage if Aul had given timely notice. As a matter of law, we conclude that WILMIC was not prejudiced by the untimely notice and therefore coverage is not precluded on these narrow grounds.

### Other Grounds for Summary Judgment

¶ 17. WILMIC asserts several other grounds on which to uphold the summary judgment, none of which the circuit court addressed. We decline to address these alternative arguments. *Vollmer v. Luety*, 156 Wis. 2d 1, 10–11, 456 N.W.2d 797 (1990) (we do not decide matters not considered by the circuit court).

### CONCLUSION

¶ 18. The circuit court erred when it did not address whether WILMIC was prejudiced by Aul's untimely notice. On the summary judgment record, however, we conclude as a matter of law that WILMIC was not prejudiced. Coverage is not precluded by Aul's late notice. We remand for further proceedings not inconsistent with this opinion.

*By the Court.*—Judgment reversed and remanded.